UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SHERRY HILL**                                                           **CIVIL ACTION**

**VERSUS**                                                                 **NO: 24-301**

**JP MORGAN CHASE BANK, N.A. ET AL.**                **SECTION: "H"**

## ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 8). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff Sherry Hill has filed a *pro se* Complaint against Defendants JP Morgan Chase Bank, N.A. and Davis Rochon for breach of contract. Although vague, Plaintiff's Complaint appears to allege that Defendants breached their agreement to refund $350,000 to her account. Defendants have moved for dismissal of Plaintiff's claims for lack of subject matter jurisdiction. Plaintiff has not filed an opposition.

## LEGAL STANDARD

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[1] In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.[2] The proponent of federal court jurisdiction—in this case, the Plaintiff—bears the burden of establishing subject matter jurisdiction.[3]

## LAW AND ANALYSIS

Subject matter jurisdiction in this case is premised upon diversity of citizenship.[4] Cases arising under 28 U.S.C. § 1332 require, *inter alia*, complete diversity of citizenship.[5] "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[6] This requirement is lacking on the face of the Complaint. Plaintiff's Complaint alleges that both she and Defendant Rochon are citizens of Louisiana. Accordingly, there is not complete diversity, and this

---

[1] Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).
[2] Den Norske Stats Oljesels kap As v. Heere MacVof, 241 F.3d 420, 424 (5th Cir. 2001).
[3] *See* Physicians Hosps. of Am. v. Sebelius, 691 F.3d 649, 652 (5th Cir. 2012).
[4] *See* 28 U.S.C. § 1332.
[5] Stiftung v. Plains Mktg., L.P., 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted).
[6] McClaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).

Court lacks diversity jurisdiction over this matter. In addition, Plaintiff's Complaint does not make any allegations that suggest there are grounds for federal question jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendants' Motion is **GRANTED**. Plaintiff may amend her Complaint within 14 days of this Order to the extent that she can identify a basis for jurisdiction. Failure to file timely an amended complaint will result in dismissal of this matter for lack of subject matter jurisdiction.

New Orleans, Louisiana this 15th day of May, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**