UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHERRY D. HILL | CIVIL ACTION |
| VERSUS | NO: 24-00301 |
| J P MORGAN CHASE BANK, et al. | SECTION: T (5) |

**ORDER AND REASONS**

Before the Court is a Motion to Dismiss or, alternatively, a Motion to Compel Arbitration filed by Defendant J.P. Morgan Securities LLC ("JPMS"). R. Doc. 13. In the Motions, Defendant JPMS seeks either to dismiss Plaintiff's claims in her Amended Complaint with prejudice or to compel arbitration. R. Doc. 10. Plaintiff, however, has not filed a response. Consequently, the Motions are deemed to be unopposed.

Plaintiff filed her Original Complaint with this Court on February 1, 2024. R. Doc. 1. In her Original Complaint, Plaintiff alleged she had an investment account with JPMS and that David Rochon ("Rochon") was her private investment advisor. R. Doc. 1, p. 4. Plaintiff alleged JPMS and Rochon agreed to "Refund/Pay" $350,000.00 into her investment account but then they failed to do so. *Id.*

Plaintiff based this Court's subject matter jurisdiction on diversity jurisdiction under 28 U.S.C. § 1332. However, Rochon is a Louisiana citizen. As such, this Court lacked subject matter jurisdiction. On March 15, 2024, JPMS and Rochon filed a FRCP 12(b)(1) motion to dismiss

1

Plaintiff's Original Complaint on grounds that this Court lacked subject matter jurisdiction as complete diversity was lacking between Plaintiff and Rochon. Plaintiff did not oppose the motion. The Court granted Defendants' Motion to Dismiss but permitted Plaintiff to amend her pleading. R. Doc. 9. Plaintiff did so, R. Doc. 10, abandoning her claim against Rochon.

Thereafter, Defendants filed a Motion to Dismiss for Failure to State a Claim and, alternatively, a Motion to Compel Arbitration. R. Doc. 13. In the Motion to Compel Arbitration, Defendants argue that Plaintiff's claims are all subject to mandatory and binding arbitration under Plaintiff's written account agreement with Chase Investment Services Corp. ("CISC"), now, JPMS, which requires arbitration of all disputes between "[Plaintiff]…[JPMS] and [its] principals, agents or affiliates regarding the [Plaintiff's] [JPMS] Account(s)" pursuant to FINRA arbitration rules before a panel appointed by FINRA. Defendants argue that Plaintiff's claims unquestionably relate to activity with JPMS in this matter and, thus, Plaintiff should be compelled to submit her claims (no matter how meritless) to mandatory and binding FINRA arbitration and her claims should either be dismissed or stayed pending completion of the arbitration.

Arbitration is favored in the law. *Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 526 (5th Cir. 2000). To adjudicate a motion to compel arbitration under the Federal Arbitration Act ("FAA"), the Fifth Circuit has outlined a two-step inquiry for courts to follow:

> The first step is to determine whether the parties agreed to arbitrate the dispute in question. This determination involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement. When

2

>deciding whether the parties agreed to arbitrate the dispute in question, "courts generally ... should apply ordinary state-law principles that govern the formation of contracts." In applying state law, however, "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself must be resolved in favor of arbitration." The second step is to determine "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims."

*Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996) (citations omitted).

As Defendants point out, the court applies ordinary state law principles of contract when deciding whether a valid agreement to arbitrate exists. *Kubala v. Supreme Prod. Services, Inc.*, 830 F.3d 199, 202 (5th Cir. 2016) ("Whether [the parties] entered a valid arbitration contract turns on state contract law.").

.   Here, Defendants have sufficiently established that Plaintiff entered into the Account Agreement and accepted all of its terms, including the mandatory arbitration provision, when she signed her Account Application and received the Account Agreement. Plaintiff's account documents thus show that Plaintiff was aware of and specifically acknowledged the mandatory arbitration provision within the Account Agreement. Under that agreement, Plaintiff's claims are subject to mandatory arbitration because they arise under and relate to all controversies "between [Plaintiff]… [JPMS] and [its] principals, agents or affiliates regarding the [Plaintiff's] [JPMS] Account(s)." Accordingly, Defendants have shown that all of Plaintiff's claims asserted against JPMS should be referred to arbitration and dismissed. *See Fedmet Corp. v. M/V BUYALYK*, 194 F.3d 674, 678 (5th Cir. 1999) (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164

(5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration.")).

Because Defendants' Motion to Compel Arbitration appears to have merit and is not opposed by Plaintiff, the Court will grant the Motion, refer the matter to arbitration, and dismiss Plaintiff's claims without prejudice.

Accordingly,

**IT IS ORDERED** that the Motion to Compel Arbitration, R. Doc. 13, is GRANTED and Plaintiff's claims are DISMISSED WITHOUT PREJUDICE and referred to arbitration pursuant to the Account Agreement between the parties.

New Orleans, Louisiana, this 31st day of December 2024.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE